UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MATTHEW VALDEZ**,

    Petitioner,

v.                                                  **CIV. NO. 05-1127 JB/DJS**

**JAMES JANECKA, Warden**,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR 03-2539 in the Second Judicial District, Bernalillo County, of New Mexico. In that proceeding Petitioner was convicted following a guilty plea of one count of Battery Against a Household Member, one count of Aggravated Assault Against a Household Member (Deadly Weapon), and one count of False Imprisonment. In his plea agreement, Petitioner also admitted to two prior felony convictions. As a result of the conviction in CR 03-2539, Petitioner was sentenced to a term of imprisonment of three years and three hundred and sixty-four days, to be followed by one year parole.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. Petitioner challenges his conviction and sentence on the ground that his sentence was issued in violation of the terms of his plea agreement.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding.  See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes that Petitioner has exhausted his state court remedies as to the claims brought in the instant petition. However, Respondent moved to dismiss the petition.

4. In examining the merits of Petitioner's claims, the Court views the arguments in light of the standard set forth in 28 U.S.C. §2254(d), which provides that:

> An application for writ of *habeas corpus*...shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This language means that if a state court ruled upon the merits of a *habeas* petitioner's claims, a federal court may grant his petition only if the petitioner can establish that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law;  decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362 (2000)).

5. Initially, Respondent argues that Petitioner fails to raise any federal constitutional claims. However, a material breach of a plea agreement constitutes a violation of the constitutional right to due process and is cognizable in a *habeas* proceeding. Gibson v. Klinger, 232 F.3d 799, 803 (10th

Cir. 2000). Respondent next argues that Petitioner's constitutional rights were not violated, as his plea agreement was rendered void between the entry of the plea and sentencing and, at sentencing, he was afforded the opportunity to withdraw his plea, plead not guilty, and go to trial on all of the charges brought against him but chose to proceed to sentencing on the charges to which he plead guilty instead. Petitioner disputes this assertion and, in the interest of resolving the dispute, the Court directed Respondent to submit the transcript of Petitioner's sentencing hearing. That transcript was filed with the Court on September 7, 2006.

6. Review of the transcript of the sentencing hearing reveals that Petitioner violated his plea agreement by committing new crimes, for which he was arrested. In addition, he failed to appear at his initial sentencing hearing. The terms of the plea agreement, which specified a sentence of three years or less, also included the provision that the state could pursue habitual offender proceedings if Petitioner violated any law after entering the plea and before completing the sentence in the case. Answer, Exhibit B, p. 3. The sentencing judge stated that he could proceed to sentencing, in which case the three-year cap on the sentence would not apply, or reject the plea. Petitioner, through counsel, stated that he wished to proceed to sentencing.

7. Given Petitioner's choice to proceed to sentencing on the three offenses to which he pleaded guilty rather than asking the trial court to reject the plea agreement and going to trial on all four counts with which he was originally charged, the Court cannot say that his right to due process was violated. Petitioner's sentence was not contrary to New Mexico law and he does not allege that his sentence exceeds the maximum penalty possible for the crimes he committed. Petitioner's assertion that he was not advised that the trial court would reject the written plea agreement is contrary to the record of the hearing, where he was present.

## RECOMMENDED DISPOSITION

That Respondent's Motion to Dismiss be granted, this petition be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**